UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | MEMORANDUM ORDER |
| | : | 22 Mag. 217 (GWG) |
| -v.- | : | |
| ADEBOWALE ADEBIYI, | : | |
| Defendants. | : | |

GABRIEL W. GORENSTEIN, United States Magistrate Judge

Before the Court is Adebowale Adebiyi's pro se motion seeking the expungement of his arrest record. See Letter, dated Sept. 8, 2026 (Docket # 74) ("Mem."). Adebiyi's motion stems from charges that were brought against him and others in January 2022. At the Government's request, the Court dismissed the criminal complaint against Adebiyi several months later. See Order, dated Mar. 24, 2023 (Docket # 63). Adebiyi now moves to have his record expunged. Mem. at 1.

"No federal statute provides for the expungement of an arrest record." United States v. Schnitzer, 567 F.2d 536, 538 (2d Cir. 1977). It is instead a remedy left to the courts equitable discretion and "relief usually is granted only in 'extreme circumstances.'" Id. (quoting United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). "In determining whether such circumstances exist, courts have considered the 'delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties.'" Id. (quoting United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). Ultimately, "courts must be cognizant that the power to expunge is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." Id.

"Extreme" circumstances warranting an expungement typically involve government impropriety such as "(1) mass arrests that render judicial determination of probable cause impossible; (2) arrests where the sole purpose was to harass civil rights workers; (3) the misuse of police records to the detriment of the defendant; and (4) arrests based on a statute that was later declared unconstitutional." Ruiz v. United States, 2019 WL 3388817, at *2 (E.D.N.Y. July 25, 2019) (citation omitted); see also United States v. Pichardo, 202 F. Supp. 3d 342, 344 (S.D.N.Y. 2016) ("it is difficult for this Court to imagine circumstances warranting the exercise of this limited expungement power when no constitutional issue is implicated ... however regrettable [the] collateral consequences may be."); In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) ("Generally speaking, expunction is appropriate where some impropriety attends the government's actions.").

Here, Adebiyi's motion fails to identify any "extreme" circumstance that would justify an expungement. Instead, his motion lists circumstances that would apply to anyone with an arrest record. He contends that the record of his arrest poses "lingering obstacles" and "challenges that affect [his] ability to grow, serve, and build [a] future." Mem. at 1. Yet he fails to explain what these challenges are. Perhaps we are to surmise that these challenges relate to the employment consequences or other financial consequences resulting from his arrest record. If so, courts have consistently held that such challenges are insufficient to constitute the "extreme circumstances" necessary to warrant an expungement. See, e.g., Stephenson v. United States, 139 F. Supp. 3d 566, 568 (E.D.N.Y. 2015) ("a generalized fear of adverse employment consequences is insufficient to warrant expungement.") (collecting cases) (internal quotation and citation omitted); United States v. Rodrigue, 2023 WL 2043393, at *3 (adverse effects on financial prospects do not constitute "extraordinary circumstances"); Fernandez v. United States, 2009 WL 2227140, at *2 (E.D.N.Y. July 24, 2009) ("courts have nearly uniformly rejected adverse employment effects as grounds for expungement") (collecting cases); United States v. Robinson, 2007 WL 2077732, at *1 (E.D.N.Y. July 18, 2007) ("Courts have ... been clear that the consequences attendant to possessing a criminal record, such as loss of financial or employment opportunities, do not fall within the narrow bounds where expungement has been declared appropriate.") (internal quotations and citation omitted) (collecting cases).

Accordingly, Adebiyi's motion for an expungement of his arrest record is denied.

The Court directs the Clerk of the Court to mail a copy of this Order to the following address:

Adebowale Adebiyi
6445 America Blvd, Apt 922
Hyattsville, MD 20782.

SO ORDERED.

Dated: October 27, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge